United States v. Witham          00-CR-017-SM  01/28/10

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


United States of America

    v.                                    Criminal No. 00-cr-17-2-SM
                                          Opinion No. 2010 DNH 099
Wayne S. Witham

and

Siemens Generation Services Co.,
    As Garnishee


### FINAL ORDER OF CONTINUING GARNISHMENT


An order of restitution was imposed as part of defendant's criminal sentence. The original mandatory obligation was set at $800,000.00, plus interest, less payments made by other obligors. Currently, the principal balance owed is $776,968.82. Interest is accumulating at an annual rate of 6.241%. The current interest balance due is $445,176.93, or thereabouts, and the total restitution obligation has now escalated to $1,222,145.75.

Defendant is employed, through a union, as a millwright on a contract basis. His employment is somewhat irregular in that he generally obtains work at different job sites for approximately ten months or so per year. He draws unemployment compensation during the other months. Some years he is assigned more work, some years less. When he is assigned to a job, however, it is

nearly always at a site some distance from his home, usually out-of-state. Defendant must pay travel and living expenses, over and above a modest per diem allowance (sometimes $40.00, sometimes $80.00), when working away from home (which he has to "front" until his first paychecks arrive).

Including per diem allowances, defendant normally can expect to gross between $50,000.00 and $60,000.00 per year, though in 2009 (his best year) he had gross income of $91,000.00. Needless to say, defendant cannot pay the restitution due in full, and there is no reasonable chance of his paying even a substantial portion of the obligation in the future. Indeed, the accumulating interest virtually guarantees that the restitution obligation will simply grow exponentially until the collections period expires, even if his earnings were garnished to the full extent allowed by law.

Considering defendant's current financial circumstances, including his average income during recent years, his reasonable living expenses, obligation to travel to work sites out-of-state, and to underwrite his living expenses while away from home, his family support obligations, and reasonable expenses for rent, food, transportation, insurance, utilities, and clothing, the government's plea for 20 percent of defendant's weekly non-exempt

2

disposable earnings (a payment of $1,350.00 per month, as calculated by the government), is too high.

While on supervised release, defendant was obligated to pay $200.00 per month (apparently based upon gross income of approximately $60,000.00 per year). That figure was determined to be reasonable by the United States Probation Office, and imposed no undue financial hardship, particularly given that defendant's income fluctuates, averaging well below the $91,000.00 he earned in 2009. Defendant did not honor that obligation with any regularity, and, supervised release having terminated, the government had little reason to think defendant would change course and make voluntary payments, hence this garnishment action.

A court may, at any time, "make an order denying, limiting, conditioning, regulating, extending, or modifying the use of" any debt collection procedure, including garnishment. 28 U.S.C. § 3013; see United States v. Ogburn, 499 F. Supp. 2d 28 (D.D.C. 2007). In exercising its discretion under Section 3013, concepts of reasonableness should be applied. Ogburn, at 30. Here, a reasonable starting point is recoupment of $800.00 in back payments currently being held by the garnishee and enforcement, by garnishment, of the required restitution payment schedule

3

previously recommended by the Probation Office.  While more could arguably be taken from defendant without imposing "undue" hardship and without destroying all incentive for him to continue working productively to support himself and his family, $200.00 per month is fair, reasonable, and practical, and serves the legitimate societal interest in obtaining as full a recovery for the victim as possible, but consistent with defendant's rehabilitation, the need for him to be self-sufficient, and his obligations of support.  Should defendant's circumstances change appreciably, the order can be amended as appropriate.

Having fully considered the matter, the court enters the following order:

The Garnishee shall pay to plaintiff all monies currently in Garnishee's possession and held pursuant to this court's order dated November 30, 2009.  The Garnishee shall retain, and pay to plaintiff, $50.00 weekly ($200.00 monthly) from defendant's weekly non-exempt disposable earnings and continue said payments pending further order of the court.  Said payments shall be made payable to Clerk, United States District Court, 55 Pleasant Street, Concord, New Hampshire 03301.

4

It is further ordered that defendant shall keep the United States Attorney's Office informed, in writing, of any change in his employment (including changes in wages, work site, payor), place of residence, and telephone number. Defendant shall also file, annually, either a financial statement in a form acceptable to the United States Attorney, under oath, or a copy of his federal income tax return, at the election of the United States Attorney. Defendant shall mail or deliver the required filings and information to the United States Attorney's Office, 53 Pleasant Street, 4th Floor, Concord, New Hampshire 03301.

SO ORDERED.

_____
Steven J. McAuliffe
Chief Judge

January 28, 2010

cc:  Michael T. McCormack, Esq.
     Robert J. Veiga, Esq.
     Wayne S. Witham, pro se
     Siemens Generation Services Co.
        3501 Quadrangle Blvd., Suite 175
        Orlando, FL   32817

5